(166 App. Div. 412)

PEOPLE ex rel. MILLER v. SMITH, Mayor, et al. (No. 13/43.)

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

Certiorari by the People, on the relation of Warren Miller, against Clarence W. Smith, Mayor of the City of Johnstown, and others, to review an assessment for the construction of a sewer and the determination of the common council affirming the assessment. Assessment, and order affirming it, modified, and, as modified, confirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Dudley & Dennison, of Johnstown (Anson Getman, of Johnstown, of counsel), for relator.

Edwin Baylies, of Johnstown (Clarence W. Smith, of Johnstown, of counsel), for respondents.

JOHN M. KELLOGG, J.  The questions raised are substantially the same as in Empie v. Smith et al., 152 N. Y. Supp. 295, argued with it and decided at this term of court.  The situation differs principally in the fact that the relator owned a house and lot on Chestnut street, and five acres of land on the paper street called Genesee street, neither of which places can be connected with the trunk sewer except by lateral sewers.  The five-acre lot was plotted into city lots as fronting on Genesee street.  The assessment is $272.77.  The assessed value of the property on the city roll is $600.  The relator was one of the petitioners at whose request a sewer was put through this part of the city.  The assessment was upon the front-foot plan, and the assessment against the house and lot was $21.92, and upon the five-acre lot $250.87.  Evidently the assessment upon the house and lot is very low.  We think, however, the assessment upon the five-acre lot is excessive, for the reasons stated in the Empie Case.  Manifestly the five-acre lot is benefited by the sewer, and it should contribute equitably towards the cost thereof.  We feel, under all the circumstances, that an assessment upon the house and lot and the five-acre lot of $150 would be equitable.

The assessment, and the order affirming it, are therefore modified, by reducing such assessment to $150, and, as so modified, is confirmed, with $50 costs and disbursements.  All concur.